UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MIDDLEBURG POLO CLUB, INC., | ) |
| *Plaintiff*, | ) ) ) |
| v. | ) ) Case No. _____ |
| JOHN GOBIN<br>Middleburg Polo Club<br>37636 Charisma Lane<br>Middleburg, VA 20117 | ) ) ) ) ) ) |
| *Defendant*. | ) ) |

## COMPLAINT

Plaintiff Middleburg Polo Club, Inc., by and through its attorneys, for its Complaint against Defendant John Gobin, alleges on knowledge as to its own actions and otherwise upon information and belief, as follows:

## NATURE OF THE ACTION

1. This is an action for false association and false designation of origin in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A) and for common law unfair competition in violation of Virginia law.

2. Plaintiff's claims arise from Defendant's unauthorized use of the name and mark "Middleburg Polo Club" for his polo club located in Loudoun County, Virginia.

3. Defendant adopted and began using the name and mark "Middleburg Polo Club" in or around late 2022, despite his long-held knowledge of Plaintiff's well-known and esteemed polo club already in continuous operation in Loudoun County, Virginia for over 100 years under the name and mark MIDDLEBURG POLO CLUB.

4.     Defendant has ignored demand to cease his unauthorized, unlawful use of the identical mark for identical services in the very same community and, indeed, has registered his "Middleburg Polo Club" as a member club of the United States Polo Association, the official governing body for the sport of polo in the United States, thereby preventing Plaintiff from registering under its true name.

5.     Defendant's willful actions are likely to cause consumer confusion and deception as to the source, origin, sponsorship, affiliation, connection, or association of Defendant's club with the lawful users of the MIDDLEBURG POLO CLUB name and mark.

6.     Such confusion and deception is causing incalculable and irreparable harm to the substantial goodwill, value, and reputation of the MIDDLEBURG POLO CLUB name and mark.

7.     Such harm will continue unless enjoined by this Court and, therefore, Plaintiff seeks injunctive and monetary relief.

## PARTIES

8.     Plaintiff Middleburg Polo Club, Inc. is a non-stock corporation formed under the laws of the Commonwealth of Virginia, with its principal place of business at 209 E. Washington Street, PO Box 1888, Middleburg, VA 20118.

9.     Middleburg Polo Club, Inc. exists to represent the previously unincorporated association of members who have gathered together to play and support the sport of polo under the name and mark MIDDLEBURG POLO CLUB since the 1920s. Current active members of the MIDDLEBURG POLO CLUB represented by Middleburg Polo Club, Inc. include, for example, T. Garrick Steele, James McGowan, Sr., James "Jim" McGowan, Jr., and Meg Greenhalgh Pryde (the "**Club**").

10. Defendant John Gobin is an individual with a residence in Loudoun County in the Commonwealth of Virginia.

11. Defendant John Gobin operates a polo-playing club, field, and related activities and services under the name and mark "Middleburg Polo Club," located at 37636 Charisma Lane, Middleburg, Virginia 20117 ("**Gobin**").

## JURISDICTION AND VENUE

12. This Court has jurisdiction over Count I of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a). This Court has jurisdiction over Count II of the Complaint pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

13. Venue in this district is proper under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Gobin resides in this judicial district and the events giving rise to this claim occurred and are occurring in this district.

## FACTS

**A. THE HISTORY OF AND SUBSTANTIAL GOODWILL ASSOCIATED WITH THE MIDDLEBURG POLO CLUB NAME AND MARK**

14. The Club started in the 1920s as a group of players hosting and playing polo matches on Phipps Field in Middleburg, Virginia.

15. Since then, the Club has maintained a level of excellence in its polo fields and its members have played a vital part in the Loudoun County, Virginia community. The Club has used the name MIDDLEBURG POLO CLUB in connection with its polo club for nearly 100 years.

16. From the 1920s and continuously through the 1950s, the Club continued to grow and enjoyed great success. The Club's membership included well-known polo players with residences in the area, such as numerous members of the Phipps family, Raymond Guest, and

3

Jock Whitney. The Club attracted players from all over the country, and even hosted players from overseas.

17. In the 1960s, George Greenhalgh and Richard ("Dick" or "Remo") Riemenschneider became active members of the Club. Shortly after joining, Dick Riemenschneider began serving as the Club's delegate to the United States Polo Association ("**USPA**").

18. Dick Riemenschneider played every season with the Club from 1967 until he stopped playing due to his age in 2018 and he continued to be an active supporter of the Club until his death in late 2022. During his lifetime, Dick Riemenschneider served as the primary point of contact for all correspondence with the USPA.

19. One of the members of the Club is T. Garrick Steele.

20. Mr. Steele spent summers playing with the Club during his college years. When he moved to the area in 1985, he began regularly playing every season with the Club and also took over various duties for the Club including maintenance and insurance.

21. In 2000, the Club, through the leadership and largesse of its member, Mr. Steele, purchased the property known as Maples West, a few miles west of the Club's historic home of Phipps Field, to establish a location for a new regulation polo field for the Club.

22. In 2001, the new field – located at the intersection of Route 50 and Willisville Road, Upperville, Virginia 20184 – was completed and includes a pond for holding water and a complete irrigation system.

23. Though the COVID pandemic that began in 2020 required the Club to suspend active play for a time, the Club's membership has continued to associate and operate with great success and in continuance to its century-old legacy.

24. In addition to the century of common law rights to the MIDDLEBURG POLO CLUB name, the Club also owns a pending application (Application Serial No. 98018865) to register the MIDDLEBURG POLO CLUB mark on the USPTO's Principal Register for "polo club services."

25. Since its inception in the 1920s, the Club has associated, played polo, and supported the polo-playing community under the MIDDLEBURG POLO CLUB name and mark. By virtue of this longstanding, continuous, and exclusive use, the MIDDLEBURG POLO CLUB name has acquired secondary meaning and enjoys substantial goodwill among members of the polo-playing community locally and nationwide. The reputation and goodwill associated with the MIDDLEBURG POLO CLUB name and mark are of incalculable value to the Club and its members.

B. **THE UNITED STATES POLO ASSOCIATION MEMBERSHIP AND GOBIN'S UNLAWFUL CONDUCT**

26. All active polo-playing clubs must be registered with the USPA. The MIDDLEBURG POLO CLUB was registered as an active club with the USPA until its membership inadvertently lapsed due to the COVID pandemic.

27. Beginning with the pandemic's inception in 2020 and throughout the COVID pandemic, the Club was forced to cease active polo play and matches.

28. During that same time, in the midst of COVID, Dick Riemenschneider, the Club's delegate to the USPA, began experiencing severe health complications. Mr. Riemenschneider passed away in late 2022 from these health issues.

29. Unfortunately, and unknown to the rest of the Club membership, Mr. Riemenschneider had failed to file club renewals with the USPA during the period of the COVID pandemic and his illness.

5

30. The Club did not learn about its lapsed renewal until early 2023, when it attempted to file the Club's renewal papers with the USPA upon the Club's return to active play.

31. Only when the Club's 2023 USPA application was rejected in or around April 2023 did the Club learn of Gobin's unlawful and infringing activities.

32. Through its communications with the USPA, the Club learned that Gobin, within a few months of Mr. Riemenschneider's death, applied to the USPA to register his competing polo club under the name "Middleburg Polo Club." Attached as Exhibit 1 is a screenshot from the USPA website listing Gobin's club under the name "Middleburg Polo Club."

33. The Club was shocked to learn of Gobin's registration with the USPA under that name – identical to the Club's 100-year old name and mark – because Gobin has been well aware of the Club's longstanding use and ownership of the MIDDLEBURG POLO CLUB name and mark.

34. As a member of the polo-playing community in Loudoun County, Gobin had been invited on numerous occasions over the last 15 years to play as a guest of the Club's members. Moreover, as a member of the polo-playing community, Gobin would have been well aware of Dick Riemenschneider's passing, choosing to file his infringing "Middleburg Polo Club" application with the USPA within just months of Mr. Riemenschneider's death.

35. It is evident that Gobin's use of the MIDDLEBURG POLO CLUB name and mark for his competing polo club within the very same community is an attempt to exploit the COVID pandemic, Dick Riemenschneider's death, and the resulting lapse in USPA renewals to usurp the venerable MIDDLEBURG POLO CLUB name and mark.

36. After unsuccessful attempts to resolve this issue directly with the USPA, the Club sent a cease and desist letter to Gobin on July 6, 2023, describing the Club's prior rights in and to

the MIDDLEBURG POLO CLUB name and mark and demanding that Gobin cease all use of the infringing "Middleburg Polo Club" name and mark. A copy of the letter is attached as Exhibit 2.

37. To date, Gobin has failed to respond to the Club's letter or its demands and, on information and belief, continues to operate and is listed with the USPA under the infringing name and mark "Middleburg Polo Club."

38. Gobin's unlawful use of the MIDDLEBURG POLO CLUB name and mark in commerce is deceptive and misleading to the public and has and continues to cause the Club harm to its reputation and ability to use exclusively the MIDDLEBURG POLO CLUB name and mark by which it has been identified for a century.

C. **DAMAGE TO THE CLUB AND THE MIDDLEBURG POLO CLUB NAME AND MARK**

39. Gobin's infringing acts have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of Gobin's "Middleburg Polo Club" goods and services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Gobin's "Middleburg Polo Club" goods and services originate from, are associated or affiliated with, or are otherwise authorized by the Club.

40. Gobin's acts have caused and are likely to cause the public to incorrectly associate Gobin's "Middleburg Polo Club" with the 100-year history of the Club.

41. Gobin's conduct has prevented the Club from registering with the USPA as an active member club under its rightful and longstanding MIDDLEBURG POLO CLUB name and mark.

42. As evidenced by (1) his standing as a resident of the local polo-playing community, (2) his enjoyment of the Club's polo matches and related activities as a guest of the

Club for years, (3) the Club's prior attempts to resolve this matter amicably with the USPA, and (4) the July 6, 2023 demand letter, Gobin's acts are willful, with the deliberate intent to trade on the goodwill of the Club's name and mark, and to cause confusion and deception among the relevant consuming public.

43. Gobin's acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to the Club, the MIDDLEBURG POLO CLUB name and mark, and to their valuable reputation and goodwill with the relevant public for which there is no adequate remedy at law.

## COUNT I
**False Association and Designation of Origin in Violation of 15 U.S.C. § 1125(a)(1)(A)**

44. The Club repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

45. Gobin has used and continues to use in commerce the "Middleburg Polo Club" name and mark in connection with polo services and, upon information and belief, related goods and activities.

46. The "Middleburg Polo Club" mark is identical to the MIDDLEBURG POLO CLUB name and mark, which is also used in connection with polo services and related goods and activities.

47. Gobin's use of the infringing "Middleburg Polo Club" mark as alleged in this Complaint is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Gobin and the "Middleburg Polo Club" goods and services with the Club's services and goods.

48. Gobin's use of the infringing "Middleburg Polo Club" mark as alleged in this Complaint is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or

8

approval of Gobin's services and commercial activities under the "Middleburg Polo Club" name and mark by the Club and its hundred-year of history and goodwill under the MIDDLEBURG POLO CLUB name and mark.

49. The Club is and is likely to be damaged by Gobin's continued use in commerce of the infringing "Middleburg Polo Club" name and mark.

50. Gobin's unauthorized use of the MIDDLEBURG POLO CLUB name and mark is a knowing, intentional, and willful violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

51. As a result of Gobin's unlawful conduct, the Club is suffering irreparable harm for which there is no adequate remedy at law, and, if Gobin's conduct is not enjoined, the Club will continue to suffer irreparable harm to the Club and to the longstanding reputation and goodwill of the MIDDLEBURG POLO CLUB name and mark.

## COUNT II
### Common Law Unfair Competition

52. The Club repeats and realleges each of the foregoing paragraphs as if fully set forth herein.

53. Gobin's unauthorized use of the MIDDLEBURG POLO CLUB name and mark constitutes common law unfair competition in violation of Virginia law.

54. Gobin's unauthorized use of the MIDDLEBURG POLO CLUB name and mark is knowing, intentional, and willful.

55. As a result of Gobin's unfair competition, the Club is suffering irreparable harm for which there is no adequate remedy at law.

56. Unless Gobin is enjoined by this Court, Gobin will continue to engage in unfair competition, will continue to confuse the public, and will continue to cause irreparable harm to

the Club and to the longstanding reputation and goodwill of the MIDDLEBURG POLO CLUB name and mark.

57. The Club is entitled to injunctive relief and to recover from Gobin his profits, any damages sustained by the Club from Gobin's unfair competition, and the costs of this action.

## REQUEST FOR RELIEF

WHEREFORE, the Club respectfully requests judgment against Defendant Gobin as follows:

A. That Defendant Gobin has violated Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) pursuant to Count I of this Complaint.

B. That Defendant Gobin has engaged in common law unfair competition under Virginia law pursuant to Count II of this Complaint.

C. Granting an injunction preliminarily and permanently enjoining Defendant Gobin, his employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert or participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

1. using the name or mark "Middleburg Polo Club," or any other name or mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the MIDDLEBURG POLO CLUB name and mark;

2. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant Gobin's polo club services and related goods and services are in any manner approved, endorsed, licensed, sponsored, authorized by, or associated, affiliated, or otherwise connected with the Club or the name and mark MIDDLEBURG POLO CLUB, or (ii) the Club's polo club services and related good and

services are in any manner approved, endorsed, licensed, sponsored, authorized by, or associated, affiliated, or otherwise connected with Defendant Gobin;

    3.  otherwise competing unfairly with the Club by trading off of the goodwill and reputation of the MIDDLEBURG POLO CLUB name and mark; and

    4.  engaging in any other activity constituting unfair competition with the Club.

D.    Directing Defendant Gobin, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1116(a), to file with this Court and to serve on the Club's counsel within thirty (30) days after service of such an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant Gobin has complied with the injunction.

E.    Directing Defendant Gobin immediately to cancel and withdraw the USPA registration for "Middleburg Polo Club."

F.    In accordance with Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), awarding the Club an amount up to three times the amount of its actual damages in an amount to be determined at trial.

G.    In accordance with Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), directing that Defendant Gobin account to and pay over to the Club all profits realized by his wrongful acts, enhanced as appropriate in the Court's discretion.

H.    Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a), and awarding the Club its costs and reasonable attorney fees.

I.    Awarding the Club punitive and exemplary damages as permitted by applicable law.

J.    Awarding the Club interest, including prejudgment and post-judgment interest, on the foregoing sums.

K.     Awarding such other and further relief as the Court deems just and proper.

Date: September 25, 2023               Respectfully submitted,

*[signature]*

Kandis M. Koustenis, VSB No. 91607
Harrison J. Clinton, VSB No. 95732
**BEAN, KINNEY & KORMAN, PC**
2311 Wilson Boulevard, Suite 500
Arlington, VA 22201
(703) 525-4000 (phone)
(703) 525-2207 (fax)
kkoustenis@beankinney.com
hclinton@beankinney.com

*Attorneys for Plaintiff Middleburg Polo Club, Inc.*